The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George T. Glenn, II, and the briefs and oral arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the holding of the Deputy Commissioner. Accordingly, the Full Commission affirms the holding of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as an executed Pre-Trial Agreement, as:
 STIPULATIONS
1. The Administrative Office of The Courts was self-insured on 11 June 1998, with Key Risk Management Services, Inc. acting as its third party administrator.
2. Plaintiff alleges she sustained an injury by accident on 11 June 1998.
3. The issues to be determined are as follows:
a) Whether plaintiff was an employee of defendant-employer on or about 11 June 1998?
b) If so, what are the consequences of her injury of 11 June 1998?
 ***********
Based upon the entire record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff is a Certified Verbatim Court Reporter. She began to work as a court reporter in the early to mid eighties.
2. Plaintiff was self-employed and operated Anson Court Reporting Services, Inc. as an independent business. She performed court reporting services for the Administrative Office of The Courts, hereinafter AOC, and private attorneys.
3. On or about 1 June 1998, plaintiff received a call from Ms. Angela Ford, Assistant Court Administrator for Mecklenburg County, asking if she wanted to work for AOC for the week of 8 June 1998. Plaintiff indicated that she would be willing to accept the assignment and she was directed to report to work on 8 June 1998, at the Mecklenburg County Courthouse.
4. AOC or the presiding Judge determined when plaintiff reported to work, each break and when the workday ended.
5. On 11 June 1998, plaintiff arrived at the designated parking area at 9:00 a.m. As she was walking from her vehicle she slipped and fell, hitting her left ankle and landing on her right arm.
6. AOC normally employs court reporters as regular employees, but plaintiff was not so employed. These other employees are provided with equipment, supplies, furniture and offices. They also receive the same benefits as other State Employees.
7. All court reporting services that cannot be performed by the regular court reporters is contracted out to independent court reporters, such as plaintiff.
8. Plaintiff was paid by the day or week at a flat rate and AOC did not deduct anything from her wages. Plaintiff provided her own equipment and supplies necessary to perform her work.
9. When called to perform court reporting services, plaintiff is free to accept or reject the offer. Plaintiff controlled the manner in which she performed her work once a job was accepted.
10. Plaintiff could not be fired by AOC and no evaluations or job assessments were performed by AOC regarding her work.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff was performing work as and independent contractor and was not an employee of AOC on 11 June 1998. G.S. 97-2(3).
2. The Industrial Commission does not have jurisdiction over plaintiff's claim, which must under the law be dismissed. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits under the law must be and is hereby DISMISSED.
2. Each side shall bear their respective costs in this matter.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_______________ DIANNE C. SELLERS COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER